**LUNDY ELECTRONICS & SYSTEMS, INC., Appellant,**

v.

**OPTICAL RECOGNITION SYSTEMS, INC., Appellee.**

**LUNDY ELECTRONICS & SYSTEMS, INC., Appellee,**

v.

**OPTICAL RECOGNITION SYSTEMS, INC., Appellant.**

Nos. 73–1998, 73–1999.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1973.

Decided March 25, 1974.

George W. Whitney, New York City (Granville M. Brumbaugh, Jr., Richard S. Clark, New York City, Boothe, Prichard & Dudley, Alexandria, Va., and Brumbaugh, Graves, Donohue & Raymond, New York City, on brief), for Lundy Electronics & Systems, Inc.

Jim Zegeer, Washington, D. C. (Martin Abramson, Browne, Beveridge, De-Grandi & Kline, Francis C. Browne, Washington, D. C., Dayton R. Stemple, Jr., Washington, D. C., Edward T. Colbert, Baltimore, Md., Larry Suiters, Kinney, Smith & Barham, Arlington, Va., Jack L. Lahr, Arent, Fox, Kinter, Plotkin & Kahn, Washington, D. C., on brief), for Optical Recognition Systems, Inc.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

From a judgment holding Claims 1–4, 9, 11–16, 23, 24, 28, and 30 of Dykaar and Stein's United States Patent No. 3,535,682 valid but not infringed, Lundy Electronics & Systems, Inc., the assignee and owner of all interests in the patent, appeals the ruling on the question of infringement. Optical Recognition Systems, Inc., the manufacturer of the accused device, appeals the declaration of validity. We affirm on the excellent opinion of the district judge. *Lundy Electronics & Systems, Inc. v. Optical Recognition Systems, Inc.*, 362 F.Supp. 130 (E.D.Va.1973).

The claims in question disclose a method and apparatus for automatically recognizing magnetic ink characters that are printed on documents. The most important example mentioned in the patent is the recognition of characters shaped in the type E–13 B font that are imprinted on the lower left-hand edge of bank checks and deposit slips.

■ The record depicts a crowded technical field in which advances over the prior art are very narrow. Dykaar and Stein's departure from existing systems, though slight, is sufficient to jus-

tify the district court's holding that their invention was neither anticipated nor rendered obvious by the prior art, and it properly held other attacks on the validity of the patent to be without merit.

 Although the accused device performs the same ultimate function as that described in the patent, the district court found that it employs significantly different timing circuitry and means for establishing reference voltage levels. These findings are not clearly erroneous. Though the advance they achieve is slight, they are sufficient to negate the charge of infringement.

Affirmed.